**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brian K. THOMPSON, Defendant—
Appellant.**

No. 04–10327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided May 2, 2006.

Thomas E. Flynn, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Victor S. Haltom, Esq., Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, TROTT and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Brian Thompson appeals his conviction and 87–month sentence for two counts of mail fraud and one count of money laundering. We affirm the convictions, but grant a limited *Ameline* remand.[1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

Thompson complains that the prosecutor impermissibly examined him on the details of his prior convictions. But the prosecutor's initial statements merely rephrased questions that Thompson's lawyer asked on direct. Defense counsel's direct was well-phrased to take the sting out of the prior conviction for the Allstate fraud. It was not until Thompson denied guilt and attempted to mitigate his conviction that the prosecutor introduced the fake documents and bogus checks that led to Thompson's previous conviction. When a defendant has attempted to "explain away" his prior crimes, the prosecutor may introduce evidence from the prior crime to rebut the inference of innocence.[2]

On cross, the district court overruled defense counsel's objection to a question about "a number of fraudulently false documents," but Thompson never answered and the prosecutor did not request an answer. Instead, the prosecutor offered a document into evidence and defense counsel said "No objection." Then the prosecutor asked several questions about the document, each without objection, as Thompson tried to deny that he lied in the document despite his conviction. Even if there had been an objection, these questions might nevertheless have been permissible[3] because this line of questioning bore directly on credibility, not character or propensity.[4] But there was no objection and no plain error.

We grant a limited remand to allow the district court to determine whether it would have imposed a different sentence had it viewed the Guidelines as advisory.[5]

## AFFIRMED and REMANDED

---

2. *United States v. Perry,* 857 F.2d 1346, 1352–53 (9th Cir.1988).

3. Compare *United States v. Rubio,* 727 F.2d 786, 797–98 (9th Cir.1983) with *United States v. Robinson,* 8 F.3d 398, 408–11 (7th Cir. 1993).

4. *See* Fed.R.Evid. 608(b), 609(a)(2).

